IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

NOAH A. HODGES,

                Defendant.

OPINION and ORDER

25-cr-87-wmc

---

      Defendant Noah A. Hodges is charged by indictment with one count of possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 2. Because he was serving a state sentence at the time of indictment, defendant waived his personal appearance at arraignment, Dkts. 7 & 8, and did not contest the government's motion for detention, Dkt. 10. The court granted the government's motion and entered a detainer on October 8, 2025, reserving him the right to reraise the issue should his circumstances change.

      That detainer should have resulted in defendant being taken into federal custody upon his completion of the state sentence, but that did not happen. Instead, through no fault of anyone involved in this case, defendant was released on state supervision and, by his own volition and with consent of his state probation officer, reported to an inpatient substance abuse treatment center. He reported these events to the court and the government on November 19, 2025, and affirmatively requested to be released on conditions in this case. Dkt. 15. Meanwhile, he successfully completed the inpatient treatment program and has moved to a sober living facility. He has had no violations of his state supervision. Pretrial services completed a report and recommended release on conditions. Dkt. 21.

I held a hearing on this motion on December 17, 2025. After reviewing defendants' submissions, Dkts. 15 & 20, and hearing from both sides and pretrial services, the court finds that there are conditions that will reasonably assure defendant's appearance at court and the community's safety, so I GRANTED defendant's motion. Also, because defendant proved he can and will appear for court hearings by appearing today, I decided not to stay the release order pending the government's appeal.

ANALYSIS

**Eligibility for Detention.** The Bail Reform Act allows the court to consider pretrial detention in limited circumstances. *See* 18 U.S.C. § 3142(f) (describing when a judicial officer shall hold a detention hearing). Section 3142(f)(1) applies here. That section sets forth enumerated offenses that allow for a detention hearing, which include drug offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. The charged offense meets these criteria.

**Presumptions.** The Bail Reform Act requires the court to presume, in certain cases, that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. The presumption can then be rebutted. Section 3142(e)(3)(A) requires such a presumption in this case because, as already discussed, the defendant is charged by indictment with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. I found, however, that the presumption was rebutted because defendant had a release plan, namely, that he would reside in a sober living facility and continue to receive substance abuse treatment.

**Totality of the Circumstances.** With the presumption rebutted, the court considers whether the government has proven that there is no condition or combination of conditions that will assure defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(f). The court considers the totality of the circumstances, specifically looking at the factors in subsection (g), which are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The court finds that the government has not met its burden. Defendant proposes to continue living at the sober living home and attend outpatient substance abuse treatment that he is scheduled to begin on January 6, 2026. The government argues that this plan is insufficient to overcome the risk of nonappearance and community danger defendant poses in light of the serious nature of his currently charged offense, his criminal history, and his failure to appear on 21 specific dates across his criminal cases. The government also underscores defendant's history of recidivism even while on supervision or immediately following completion of a treatment program.

These points are well-taken, and the court would be inclined to find for the government were it looking at this case before defendant was most recently released. But defendant has taken advantage of his serendipitous opportunity to prove himself trustworthy on supervision and has performed well on supervised release. He self-reported to the inpatient treatment program upon his unanticipated release on supervision, worked well with his state probation officer, completed the inpatient treatment program, and appeared in court today at risk of being detained. The court must take drug offenses seriously, and as noted, defendant has

previously struggled with recidivism even while on supervision. And it has not been a lengthy amount of time since defendant was released on supervision, but it is his most recent period of supervision, and the court credits his success. It is difficult to conclude based on this recent history that his current supervision conditions are not effective or sufficient.

The government has failed to prove that there is no condition or combination of conditions that will assure defendant's appearance and the safety of the community. The court released defendant on conditions, as set forth in the court's separate release order. Because defendant appeared today, the court has no reason to think he will not similarly appear tomorrow, so the court declined to stay the order to allow an appear to the presiding district court judge. *See* Dkt. 25. The court also set the schedule that issued in a separate order. Dkt. 26.

## ORDER

IT IS ORDERED that defendant's motion for release from custody, Dkt. 15, is GRANTED.

Entered December 17, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge