THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                                    Case No.:  25-cr-87-wmc

NOAH A. HODGES,

Defendant.

---

## PLEA AGREEMENT

---

1.      This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the one-count indictment.  This count charges a violation of Title 21, United States Code, Section 841(a)(1), which carries mandatory minimum penalties of 5 years in prison and 4 years of supervised release, and maximum penalties of 40 years in prison, a $5,000,000 fine, a lifetime period of supervised release, and a $100 special assessment.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.      **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. In addition, if the defendant is a naturalized United States citizen, under certain

circumstances, denaturalization of United States citizenship may also be a consequence of pleading guilty to a crime.  Removal, other immigration consequences, and denaturalization are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status, or, where applicable, United States naturalized citizenship. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal, other immigration consequences, or denaturalization that could result from his plea, even if the consequence is automatic removal from the United States.

5.    **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On February 6, 2025, a Court issued wiretap intercepted Noah Hodges communicating with a drug source and ordering fifteen grams of heroin and eight ounces of methamphetamine. The source directed Hodges to a location in Madison. Investigators conducted surveillance at the location of the anticipated drug deal and observed Hodges in a black SUV with three other occupants. Agents saw the drug source parking at the meet location in a white sedan. Hodges exited the SUV, walked over to, and entered the drug source's vehicle. Less than a minute later, Hodges exited and returned to the SUV holding something in his hand.

The SUV drove to a different location in Madison, where agents observed Hodges making brief contact with the occupants of multiple vehicles, conduct consistent with drug deals.

An officer approached the SUV and observed suspected heroin in plain view in the door handle of the passenger door where Hodges was seated. Hodges was ordered out of the vehicle and detained. Agents located a plastic shopping bag containing four bags of methamphetamine totaling approximately 221 grams on Hodges' person.  Agents found an additional approximately 140 grams of methamphetamine elsewhere in the SUV.

In a recorded jail call on February 7, 2025, Hodges told an unidentified female that he "had some shit" and "we were going to split it up." Given the quantity seized, Hodges' conduct prior to the police conduct, and from statements made by Hodges in recorded jail calls, investigators would testify that Hodges possessed the methamphetamine with the intent to distribute.

The substances seized were sent to a U.S. Drug Enforcement Administration laboratory for analysis. There, chemists identified the presence of

2

methamphetamine in the relevant substances seized from the SUV. Methamphetamine is a Schedule II controlled substance.

Madison is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6.  **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7.  **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before April 3, 2026.

8.  **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

9.    **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

10.    **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding the United States has made no promises or guarantees regarding the sentence that will be imposed.  The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

11.    **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty.  Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

12.    **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

CHADWICK M. ELGERSMA
United States Attorney

_4/17/26_
Date

By:_____
STEVEN P. ANDERSON
Assistant United States Attorney

_4/15/2026_
Date

_____
MATTHEW GIESFELDT
Attorney for the Defendant

_April 25 2026_
Date

_____
NOAH A. HODGES
Defendant

4

## ACKNOWLEDGEMENTS

I, Noah A. Hodges, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_____                    _____
Date                                        NOAH A. HODGES
                                            Defendant


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____                    _____
Date                                        MATTHEW GIESFELDT
                                            Attorney for Defendant

5