IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Case No. 25-cr-87-wmc

NOAH A. HODGES,

Defendant.

GOVERNMENT'S SENTENCING MEMORANDUM

INTRODUCTION

The government submits this memorandum to aid the Court in the sentencing of defendant, Noah A. Hodges, which is currently scheduled for July 22, 2026. As detailed below, Hodges was a sub-distributor for an extensive drug trafficking organization led by Jamar Purnell. Hodges moved significant amounts of drugs into the community on an almost daily basis in the short period he was intercepted on wiretaps: approximately 1,526 grams of methamphetamine and 36 grams of fentanyl in just one week. He was then found in possession of 355 grams of methamphetamine and 12 grams of heroin/fentanyl. For the reasons stated below, the government asks this Court to impose a sentence of 9 years in prison.

FACTS[1]

In early 2024, law enforcement officers began investigating members of a drug trafficking organization (Purnell DTO) operating in Dane County and led locally by Jamar Purnell. (PSR ¶¶ 13-14.) The investigation involved many controlled buys of significant quantities of narcotics by members of the Purnell DTO, Title III wiretaps on phones of members of the Purnell DTO, surveillance (physical and GPS), interviews, and warranted searches of residences and vehicles. (Id.)

Hodges played an important role as a sub-distributor for the Purnell DTO. He distributed an incredible amount of methamphetamine during the short time he was intercepted on wiretaps before his arrest. Between January 29, 2025 and February 5, 2025, Hodges picked up approximately 1,526 grams of methamphetamine and 36 grams of heroin/fentanyl. (PSR ¶ 34.) On three of those days, he picked up on two different occasions. (Id.)

On February 6, 2025, Hodges was intercepted again ordering methamphetamine and fentanyl from one of Purnell's primary distributors, Jimmie Leuaxay. (PSR ¶ 21.) Investigators observed Hodges meet with Leuaxay in Madison after the arrangements were made. (Id.) They then followed the Nissan SUV that Hodges was in and observed it travel to two different locations where it appeared Hodges completed drug deals. (PSR ¶ 22.) Officers then made contact with Hodges and placed him under arrest. (PSR

---

[1] The facts underlying the offense in this case are accurately detailed in the Revised Presentence Investigation Report ("PSR") (Dkt. 40).

¶ 23.) 355 grams of methamphetamine and 12 grams of heroin/fentanyl were found on his person and in the Nissan. (PSR ¶¶ 24-25.)

On February 8, 2025, other members of the Purnell DTO discussed the arrest of Hodges, that his cell phone was taken, and that they should consider changing phone numbers. (PSR ¶ 26.)

At all relevant times, Hodges was out on state extended supervision on two felony OWI 5th/6th cases. (PSR ¶¶ 67,68.) Hodges also had an active arrest warrant (which remains active) for a felony methamphetamine case out of the State of Minnesota. (PSR ¶ 81.)

### GUIDELINES

The PSR determined Hodges has a total offense level of 31 and a criminal history category of VI. (PSR ¶¶ 50, 73.) The resulting guideline imprisonment range is 188 to 235 months. (PSR ¶ 126.) Hodges faces a 5-year mandatory minimum sentence requirement based on the quantity of drugs involved. (PSR ¶ 125.) The government agrees this is the correct guideline analysis.

If the Court chose to disregard the purity of the methamphetamine involved, Hodges' advisory guideline imprisonment range would be 151 to 188 months. (PSR ¶ 142.)

Hodges currently has a pending case in Minnesota, and this Court has the discretion to indicate whether the federal sentence is intended to run consecutively to or concurrently with any sentence imposed in that case. (PSR ¶ 127.)

Hodges, in a letter dated July 1, 2026, objected to PSR and argued that he should qualify for a two-level role reduction as a minor participant. (Dkt. 39.) The government agrees with the analysis in the Addendum to the Presentence Report that Hodges was an average participant and not worthy of a mitigating nor aggravating role. (Dkt. 40.) Hodges was involved in far more than "low-level drug trafficking." He was moving large quantities of methamphetamine so quickly that he had to pick up a second time in the same day multiple times. The quantities he was picking up daily – ranging from 141 grams to 339 grams per day – are not indicative of dealing in user-level quantities to others, especially with how quickly he was distributing it. Additionally, it does not appear that Hodges was dealing to support his drug habit, at least at the time of his arrest, as he said he had not gotten high since he had last gotten out.

ARGUMENT

Given the nature of Hodges's current offense, the circumstances under which he committed it, and his background, the government respectfully requests that this Court impose a sentence of 9 years in prison.

A.    <u>Nature, Circumstances, and Seriousness of the Offense</u>

Hodges was a sub-distributor for a large drug trafficking organization that moved incredible quantities of methamphetamine, heroin/fentanyl, and cocaine. His relevant conduct conservatively includes 1,870 grams of methamphetamine and 68 grams of fentanyl. This Court is aware that these drugs are highly addictive and potentially lethal, and the drugs distributed by Hodges likely caused great harm to the

4

community. It is aggravating that Hodges engaged in this conduct while out state supervision for multiple felony cases.

      B.      The History and Characteristics of the Defendant

Hodges's history and characteristics also justify a weighty sentence. His involvement in the criminal justice system began at the age of 18 (he is currently 44) and has been relatively consistent for the past two decades. Hodges has a total of 20 criminal convictions, including 11 felonies.

Hodges has been given many opportunities for lesser penalties, including fines, probation, and shorter jail and prison sentences in the past. He has been sentenced to state prison in two prior cases. (PSR ¶¶ 67, 68.) He was on state supervision for two felony cases at the time he engaged in the conduct in the present case and his supervision was revoked. (Id.)  Hodges's lengthy prior experiences with the criminal justice system have seemingly not deterred him from returning to crime, and his conduct in the present case represents a significant escalation.

Hodges, based on his prior criminal convictions, his previous performance on supervision, and his admissions of substance abuse, is without a doubt an addict. His addictions have clearly impacted his life and led to much of his criminal past. He has received some treatment in the past. (PSR ¶ 113.) Hodges clearly needs substance abuse treatment, and he will have the opportunity to address his addictions now through participation in treatment programs both while serving his prison sentence and

afterwards while on supervised release. Hopefully, he will take advantage of the treatment opportunities presented to him.

Hodges was unemployed for the entirety of his involvement in the charged drug trafficking conspiracy, supporting the conclusion that he was distributing serious drugs to maintain his lifestyle. (PSR ¶ 118.)

C.     The Need for a Sentence that Promoted Respect for the Law and Provides Just Punishment.

In this case, the primary goals of sentencing are incapacitation and punishment. Hodges's large scale drug trafficking makes him a serious danger to the community. Rehabilitation-wise, a substantial sentence in this case will give Hodges time to reflect on the choices that led him here and to seek out and use resources, both while in prison and later while on supervised release, to ensure he leads a productive and law-abiding life when released. By imposing a significant prison term here, this Court will send a needed message to address the seriousness of these offenses, promote respect for the law, provide just punishment, protect the public from further crimes, and deter Hodges from future criminal conduct.

## CONCLUSION

Based on the serious nature of Hodges's current offense, the circumstances under which he committed it, his background, and after full consideration of the relevant section 3553(a) factors, the government asks this Court to impose a sentence of 9 years

in prison, which would send a strong message to Hodges that his dangerous behavior will not be tolerated.

Dated this 17th day of July 2026.

Respectfully submitted,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/                                  
STEVEN P. ANDERSON
Assistant United States Attorney