| | DEFENDANT: NOAH A. HODGES | |
|---|---|---|
| AO 245B (Rev. 06/25)(W.WI. Rev.) | CASE NUMBER: 0758 3:25CR00087-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

V.

**Case Number:**    0758 3:25CR00087-001

NOAH A. HODGES

**Defendant's Attorney:**    Matthew Giesfeldt

Defendant, Noah A. Hodges, pleaded guilty to Count 1 of the indictment.

Defendant has been advised of their right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) [Penalty: 21 U.S.C. § 841(b)(1)(B)(viii)] | Possess with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, a Class B felony | February 6, 2025 | 1 |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the Court and United States Attorney of any material change in defendant's economic circumstances.

**Defendant's Date of Birth:**    ███ 1982

**Defendant's USM No.:**    27950-512

**Defendant's Residence Address:**    ███████
Madison, Wisconsin 53704

**Defendant's Mailing Address:**    Same as above

July 22, 2026

Date of Imposition of Judgment

William M. Conley
U.S. District Judge

July 23, 2026

Date Signed

AO 245B (Rev. 06/25)(W.WI. Rev.)

DEFENDANT:    NOAH A. HODGES
CASE NUMBER:    0758 3:25CR00087-001

Judgment - Page 2

# IMPRISONMENT

As to Count 1 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 60 months.

I recommend that defendant receive:

> a substance abuse evaluation and treatment, to include RDAP;
> a mental health evaluation and treatment;
> medical treatment for his physical health condition;
> vocational and educational training; and
> that defendant be afforded prerelease placement in a residential reentry center with work release privileges.

I further recommend that defendant be designated to a facility as close to Madison, Wisconsin, so long as it is consistent with defendant's programming and security needs.

Defendant has an active warrant in Scott County, Minnesota, District Court Case No. 70-CR-19-10655. These charges are unrelated to the federal conduct; therefore, I will stand silent on the pending state case believing that the state judge is in the best position to decide if incremental punishment is appropriate in light of the sentence I imposed today.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until September 24, 2026, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until that time.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. 06/25)(W.WI. Rev.)
DEFENDANT:    NOAH A. HODGES
CASE NUMBER:    0758 3:25CR00087-001
Judgment - Page 3

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a five-year term of supervised release. Defendant will be subject to the statutory mandatory conditions of supervision. In light of the nature of the offense and defendant's personal history, I adopt condition numbers 1 through 16 as proposed and justified in the presentence report.

The instant offense is drug related, and defendant has a history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is not waived. Drug testing is addressed in the special conditions.

If, when defendant is released from confinement to begin their term of supervised release, either defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. § 3583(d).

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this Court.

## Standard Conditions of Supervision

1)  Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2)  Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3)  Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4)  Defendant shall notify the probation officer within 72 hours of any change in residence, employer, or any change in job classification;

5)  Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician;

6)  Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

AO 245B (Rev. 06/25)(W.WI. Rev.)

DEFENDANT:    NOAH A. HODGES
CASE NUMBER:    0758 3:25CR00087-001

Judgment - Page 4

7)    Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8)    Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9)    Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

10)    Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11)    Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. Probation Officer to report within a different time frame; and

12)    Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

15) Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

16) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
Defendant    Date


_____    _____
U.S. Probation Officer    Date

AO 245B (Rev. 06/25)(W.WI. Rev.)

DEFENDANT:     NOAH A. HODGES
CASE NUMBER:     0758 3:25CR00087-001

Judgment - Page 5

# CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $ 100.00 | $ 0.00 | $ 0.00 |
| **Totals** | **$ 100.00** | **$ 0.00** | **$ 0.00** |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant is encouraged to honor their agreement to pay this obligation by the day of sentencing. Failure to pay the assessment may result in preclusion from certain programming while confined in the federal prison system.

Defendant does not have the means to pay a fine under §5E1.2(c) without impairing their ability to support themself upon release from custody, so no fine is imposed.

AO 245B (Rev. 06/25)(W.WI. Rev.)    DEFENDANT:    NOAH A. HODGES
CASE NUMBER:    0758 3:25CR00087-001    Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

> (1) assessment;
> (2) restitution principal;
> (3) restitution interest;
> (4) AVAA assessment;
> (5) fine principal;
> (6) fine interest;
> (7) community restitution;
> (8) JVTA assessment;
> (9) penalties;
> (10) costs, including costs of prosecution and court costs.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

If the judgment imposes a period of imprisonment, all inmates owing financial obligations as part of their sentences are encouraged to develop financial repayment plans during their periods of incarceration. 28 CFR Sections 545.10 and 545.11. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the supervising U.S. Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation Office, and U.S. Attorney's Office so that defendant's account can be credited.